FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 19, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SCOTT LEE DOTY, <br><br>　　　　　　Petitioner, <br><br>　　v. <br><br>JEFFREY A. UTTECHT, <br><br>　　　　　　Respondent. | No.　4:19-cv-05187-SMJ <br><br>**ORDER SUMMARILY DISMISSING HABEAS CORPUS PETITION** |

Petitioner Scott Lee Doty, a prisoner at the Coyote Ridge Corrections Center, brings this *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody, ECF No. 1. Due to a clerical error, payment of the $5.00 filing fee on July 25, 2019, was not noted on the docket in this case until September 16, 2019. Consequently, Petitioner has complied with the requirements of Rule 3(a) of the Rules Governing Section 2254 Cases in the United States District Courts, and the Court will proceed with this action.

## EXHAUSTION REQUIREMENT

Petitioner challenges his 1994 Benton County convictions, pursuant to guilty pleas, to three counts of first-degree rape and two counts of first-degree burglary. He received a sentence of 480 months' confinement. Petitioner does not indicate

ORDER SUMMARILY DISMISSING HABEAS CORPUS PETITION 1

that he filed a direct appeal or sought state collateral review. ECF No. 1 at 3–4.

Throughout the grounds for relief set out in his petition, Petitioner argues that the state of Washington lacks jurisdiction to decide federal constitutional matters. *Id.* at 6–13. It has long been settled that state courts are competent to decide questions arising under the U.S. Constitution. *See Baker v. Grice*, 169 U.S. 284, 291 (1898) ("It is the duty of the state court, as much as it is that of the federal courts, when the question of the validity of a state statute is necessarily involved, as being in alleged violation of any provision of the federal constitution, to decide that question, and to hold the law void if it violate that instrument."); *see also Worldwide Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir. 1986) (holding that state courts are as competent as federal courts to decide federal constitutional matters). Petitioner's arguments to the contrary are meritless.

Additionally, before a federal court may grant habeas corpus relief to a state prisoner, the prisoner must exhaust the state court remedies available to him or her. 28 U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion generally requires that a prisoner give the state courts an opportunity to act on his or her claims before he or she presents those claims to a federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). A petitioner has not exhausted a claim for relief so long as he or she has a right under state law to raise the claim by an available procedure. *See id.*; 28 U.S.C. § 2254(c).

To meet the exhaustion requirement, the petitioner must have "fairly present[ed] his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin*, 541 U.S. at 29; *see also Duncan v. Henry*, 513 U.S. 364, 365–66 (1995). A petitioner fairly presents a claim to a state court by describing the factual or legal bases for that claim and alerting the state court "to the fact that the [petitioner is] asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365–66; *see also Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001). Mere similarity between a claim raised in a state court and a claim in a federal habeas corpus petition is insufficient. *Duncan*, 513 U.S. at 365–66.

Furthermore, to fairly present a claim, the petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Once a federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). It appears from the face of the petition and the attached documents that Petitioner has not exhausted his state court remedies as to each of his grounds for relief. *See* ECF No. 1.

Additionally, a petitioner convicted in 1994 who neither appealed his or her

conviction nor pursued state collateral review would be time-barred from presenting a federal habeas corpus petition in 2019. *See* 28 U.S.C. § 2244(d). Petitioner's assertions that this is an "original action" challenging the constitutionality of provisions of a state constitution, ECF No. 1 at 14, will not excuse the untimeliness, *see Holland v. Florida*, 560 U.S. 631, 649 (2010); *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009); *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008).

**GROUNDS FOR FEDERAL HABEAS CORPUS RELIEF**

Petitioner asserts that the Washington State Constitution contradicts the U.S. Constitution regarding the Fifth Amendment right to "presentment or indictment of a Grand Jury." ECF No. 1. He claims "no bill of indictment" was brought against him, rendering his arrest, conviction, and imprisonment illegal. *Id.*

Petitioner seems to argue that because the state courts have defied "federally established procedures and processes for the adjudication of crimes," only "a court of federal jurisdiction" has jurisdiction over his claims. *Id.* His bald assertion that "due process of the law was ignored" is unsupported by his factual allegations. *Id.*

As the U.S. Supreme Court stated long ago, "Prosecution by information instead of by indictment is provided for by the laws of Washington. This is not a violation of the Federal Constitution." *See Gaines v. Washington*, 277 U.S. 81, 86 (1928). There is no federal constitutional violation when a prosecuting attorney's

criminal information is substituted for the grand jury's indictment. *See Hurtado v. California*, 110 U.S. 516 (1884) (rejecting the claim that an indictment is essential to due process of law and that a state violates the Fourteenth Amendment by prosecuting a defendant with a criminal information). Petitioner's assertions to the contrary presented in his four grounds for federal habeas corpus relief are legally frivolous.

Because it plainly appears from the petition and accompanying documents that Petitioner is not entitled to relief in this Court, **IT IS HEREBY ORDERED** that the petition, ECF No. 1, is **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. All pending motions are **DENIED AS MOOT**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order, enter judgment, provide copies to Petitioner, and close the file. The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is therefore **DENIED**.

**DATED** this 19th day of September 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER SUMMARILY DISMISSING HABEAS CORPUS PETITION 5