FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 08, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SCOTT LEE DOTY,<br><br>            Petitioner,<br><br>v.<br><br>JEFFERY A. UTTECHT,<br><br>            Respondent. | No. 4:19-cv-05187-SMJ<br><br>**ORDER DENYING MOTIONS FOR RECONSIDERATION, TO COMPEL FOR INFORMATION (SHOW CAUSE), TO AMEND CASE CAPTION, AND TO AMEND WRIT OF HABEAS CORPUS** |

Before the Court, without oral argument, is Petitioner Scott Lee Doty's Motion for Reconsideration, ECF No. 10. Petitioner subsequently filed a document titled, "Motion to Compel for Information (Show Cause)," and an accompanying "Petitioners Rebuttal to Respondents Memorandum of Authority,"[1] ECF Nos. 11, 12. On December 23, 2019, he filed a Motion to Amend Case Caption, ECF No. 14, and a Motion to Amend Writ of Habeas Corpus, ECF No. 15. Having reviewed the

---

[1] The Court did not direct that Respondent be served in this *habeas corpus* proceeding. Respondent did not appear and has not filed a Memorandum of Authority. Therefore, it is unnecessary to consider Petitioner's Rebuttal.

ORDER DENYING MOTIONS FOR RECONSIDERATION, TO COMPEL FOR INFORMATION (SHOW CAUSE), TO AMEND CASE CAPTION, AND TO AMEND WRIT OF HABEAS CORPUS **-** 1

pleadings and the file in this matter, the Court is fully informed and denies the motions.

By Order filed September 19, 2019, the Court summarily dismissed Petitioner's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, ECF No. 1, on two separate bases. ECF No. 8. First, as Petitioner conceded, he failed to exhaust available state court remedies before filing the petition. ECF No. 8 at 2 (citing 28 U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S. 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999)); ECF No. 1 at 2. Next, the Court ruled that the grounds on which Petitioner based his petition, that he was prosecuted by information rather than indictment, were legally frivolous. ECF No. 8 at 4 (citing *Gaines v. Washington*, 277 U.S. 81, 86 (1928)).

In his Motion for Reconsideration, Petitioner contends that, because a habeas corpus petition is "an original action" and not an appeal or a "mechanism requesting a federal review of Petitioner[']s judgment of conviction," he is not required to exhaust his state court remedies. ECF No. 10 at 1. Petitioner reiterates this contention in his "Motion to Compel . . . ." ECF No. 11 at 1.

As a mater of law, this contention is incorrect; this Court is statutorily prohibited from considering a petition for a writ of habeas corpus unless and until "the applicant has exhausted the remedies available in the courts of the State." *See*

28 U.S.C. § 2254(b)(1).[2] Furthermore, federal law clearly recognizes the jurisdiction of state courts to adjudicate constitutional issues, providing for federal habeas corpus relief only when a state court's adjudication was "contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Petitioner reasserts that his conviction and sentence are invalid because he was not charged by an indictment in violation of the Fifth Amendment. ECF No. 10 at 3; ECF No. 11 at 1-2. This contention is wholly meritless. There is no federal constitutional violation when a prosecuting attorney's criminal information is substituted for the grand jury's indictment. *Gaines v. Washington*, 277 U.S. 81, 86 (1928) ("Prosecution by information instead of by indictment is provided for by the laws of Washington. This is not a violation of the Federal Constitution.") (*citing Hurtado v. California*, 110 U.S. 516 (1886)).

A motion for reconsideration may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "A

---

[2] Petitioner has failed to establish that either of the two narrow exceptions to the exhaustion requirement—where "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant"—apply in his case. 28 U.S.C. § 2254(b)(1)(B)(i)–(ii); *see also Duckworth v. Serrano,* 454 U.S. 1, 3 (1981).

ORDER DENYING MOTIONS FOR RECONSIDERATION, TO COMPEL FOR INFORMATION (SHOW CAUSE), TO AMEND CASE CAPTION, AND TO AMEND WRIT OF HABEAS CORPUS **-** 3

district court may properly reconsider its decision if it '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *Sch. Dist. No. 1J*, 5 F.3d at 1263). "There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J*, 5 F.3d at 1263. These standards apply in habeas corpus proceedings under 28 U.S.C. § 2254 to the extent they are not inconsistent with applicable federal statutory provisions and rules. *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).

Here, Petitioner has not presented newly discovered evidence. ECF No. 10. He has not shown that the Court committed clear error or that the dismissal order was manifestly unjust. *Id.* Furthermore, there has been no intervening change in controlling law and there are no other circumstances warranting reconsideration. *Id.*

Accordingly, **IT IS HEREBY ORDERED**:

Petitioner's Motion for Reconsideration, **ECF No. 10**, is **DENIED** and the subsequent Motion to Compel for Information (Show Cause), **ECF No. 11**, Motion to Amend Case Caption, **ECF No. 14,** and Motion to Amend Writ of Habeas Corpus, **ECF No. 15**, are **DENIED AS MOOT**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide a copy to *pro se* Petitioner. The file shall remain closed. The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is therefore **DENIED.**

**DATED** this 8th day of January 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge